IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-00387-CMA

JASON HILL,

    Plaintiff,

v.

WARDEN FCI FLORENCE,

    Defendant.

## ORDER DISMISSING APPLICATION FOR WRIT OF HABEAS CORPUS

Applicant Jason Hill filed the instant application for a writ of habeas corpus on February 25, 2015.  (Doc. ## 1, 3.)  Mr. Hill is currently in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the Federal Correctional Institution in Florence, Colorado ("FCI Florence").  Mr. Hill was taken into federal custody on December 28, 2011, on pending federal drug charges, following a term of imprisonment in California for state firearms charges.  (Doc. # 23 at 2.)  On January 17, 2013, Mr. Hill was sentenced to a 72-month term of imprisonment by the United States District Court for the Western District of Tennessee for Conspiracy to Possess with Intent to Distribute Methamphetamine.  (Doc. #23 at 3.)  The District Court subsequently reduced Mr. Hill's sentence from 72 months to 58 months pursuant to 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guidelines, Amendment 782.  (Doc. # 23 at 3.)  Mr. Hill's expected release date is April 6, 2016.  (Doc. # 23 at 1.)

In his application, Mr. Hill alleges that the BOP has miscalculated the amount of time he must spend in federal custody and that he should receive an additional credit of 265 days for the time he served in California prior to being taken into federal custody. (Doc. # 3 at 9.)  However, the time that Mr. Hill served in California cannot be credited towards the federal sentence that he is currently serving because that time was already credited towards his California state court sentence.  (Doc. # 23, Exh. A ¶ 11.)  "Double crediting" is prohibited by 18 U.S.C. § 3585(b), which provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-- . . .; *that has not been credited against another sentence.*"  18 U.S.C. § 3585(b) (emphasis added).  *See also United States v. Wilson*, 503 U.S. 329, 337 (1992) (stating that in enacting 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time.")  Therefore, the BOP did not err when it did not credit to Mr. Hill's federal sentence the 265 days that he served in California for state firearms charges.

Therefore, it is hereby ORDERED that Mr. Hill's Application for Writ of Habeas Corpus (Doc. ## 1, 3) is DENIED.

DATED: July 21, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

2